# *United States District Court*

6-14-00

SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

V.

JODI-ANN MAJOR

**CRIMINAL COMPLAINT**

CASE NUMBER: 00-4140-BSS

(Name and Address of Defendant)

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. On or about June 11, 2000 in Broward county, in the Southern District of Florida defendant(s) did, (Track Statutory Language of Offense)

knowingly and intentionally import into the United States, and did knowingly and intentionally possess with intent to distribute, a mixture and substance containing a detectable amount of cocaine

in violation of Title 21 United States Code, Section(s) 952(a) and 841(a)(1)

I further state that I am a(n) Special Agent and that this complaint is based on the following facts:

Please see attached affidavit.

Continued on the attached and made a part hereof: [x] Yes [ ] No

Signature of Complainant
Jeffrey Outlaw
Special Agent, Customs

Sworn to before me, and subscribed in my presence,

June 14, 2000 at Ft. Lauderdale, FL
Date                      City and State

BARRY S. SELTZER
U.S MAGISTRATE JUDGE
Name and Title of Judicial Officer

## AFFIDAVIT

I, Jeffrey S. Outlaw, being duly sworn, do hereby depose and state the following:

1. I am employed as a Special Agent with the United States Customs Service ("Customs"), United States Department of the Treasury, Ft. Lauderdale, Florida, and have been so employed since November 1992. Formerly, I was employed as a Special Agent of the U.S. Air Force Office of Special Investigations for four years. I am currently assigned to the South Broward Drug Enforcement Unit, a multi-agency task force involved in the investigation of narcotics smuggling and money laundering. I have received training and been assigned to conduct investigations of criminal violations of the United States Code as enumerated in Titles 18, 19, 21, 22, 31 and various other federal statutes. The following information is based upon my personal knowledge and that of my fellow agents and Customs Inspectors.

2. On June 11, 2000, U.S. Customs Inspectors in Fort Lauderdale, Florida, conducted an inbound inspection of passengers arriving into the United States at Fort Lauderdale International Airport from Montego Bay, Jamaica onboard Air Jamaica Flight #89. One of the passengers inspected was JODI-ANN MAJOR. MAJOR was referred for a secondary Customs inspection where she was interviewed more extensively. During the secondary inspection, it was discovered that MAJOR had $1,500 in cash which she contended was to be used to purchase supplies for her business. A K-9 inspection was requested and a Customs narcotics detection K-9 alerted to MAJOR's person.

3. MAJOR gave written consent for an X-ray of her abdominal are and was transported to Broward General Hospital in Fort Lauderdale, FL for an X-ray and physical examination, where foreign bodies were detected in her intestinal tract. MAJOR had monitored bowel movements between June 11 to June 13, 2000, where she expelled 98 latex covered pellets. Each pellet contained

a white powdery substance. A representative sample of the white powdery substance field tested positive for the presence of cocaine. The 98 latex covered pellets had a combined gross weight of 1.7 pounds.

4. Your affiant submits that based on the facts there exists probable cause to believe that JODI-ANN MAJOR had in her possession and did knowingly import into the United States, from a place outside thereof, a Schedule II controlled substance, that is, a mixture and substance containing a detectable amount of cocaine, in violation of Title 21 United States Code, Section 952(a); and did knowingly and intentionally possess with the intent to distribute a Schedule II controlled substance, that is, a mixture and substance containing a detectable amount of cocaine, in violation of 21 United States Code, Section 841(a)(1); ~~and did knowingly conspire to possess and to import a Schedule II controlled substance, that is, a mixture and substance containing a detectable amount of cocaine, in violation of 21 United States Code, Section 963.~~

FURTHER YOUR AFFIANT SAYETH NAUGHT

JEFFREY S. OUTLAW, SPECIAL AGENT
UNITED STATES CUSTOMS SERVICE

Sworn to before me this
14th day of June, 2000.

BARRY S. SELTZER
UNITED STATES MAGISTRATE JUDGE

2